NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA,
*Petitioner*,

*v.*

JOSE L. TORRES,
*Respondent*.

No. 1 CA-CR 19-0601 PRPC

FILED 11-24-2020

Petition for Review from the Superior Court in Yuma County
No. S1400CR201201045
The Honorable Lawrence C. Kenworthy, Judge

**REVIEW GRANTED; RELIEF DENIED; REMANDED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Charles V. S. Platt
*Counsel for Respondent*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A,** Judge:

¶1 The State seeks review of an order granting Jose L. Torres post-conviction relief (PCR) under Arizona Rule of Criminal Procedure 33.[1] Accepting review, because the superior court properly concluded Torres' appointed counsel provided ineffective assistance, relief is denied. However, this matter is remanded to resolve issues that pertain to Torres' remaining obligation, if any, to pay a statutory fee.

¶2 Torres pled guilty to sexual conduct with a minor, a class 2 felony, and luring a minor for sexual exploitation, a class 3 felony, both dangerous crimes against children (DCAC). The court imposed a 13-year prison term followed by ten years' probation. For restitution, the State requested Torres reimburse the Yuma County Attorney's Office (YCAO) $2,200, the amount the YCAO paid a private third-party to conduct a forensic medical examination of the victim. Defense counsel initially objected to the request but, upon further investigation, agreed it was reasonable. Accordingly, in an October 2013 order, the court ordered Torres to pay $2,200 in restitution for the benefit of YCAO (Restitution Award).

¶3 Torres timely filed PCR proceedings. He primarily challenged both the amount of the Restitution Award and plea counsel's failure to challenge the propriety of the award itself. After the parties stipulated to the facts relevant to the amount of the Restitution Award, the court denied relief. In doing so, the court determined $2,200 was an economic loss suffered by YCAO, making the Restitution Award proper. The court did not address Torres' ineffective assistance of counsel (IAC) claim. Torres petitioned for review.

---

[1] Effective January 1, 2020, the Arizona Supreme Court amended the post-conviction relief rules. *State v. Botello-Rangel*, 248 Ariz. 429, 430 ¶ 1 n.1 (App. 2020). Because there were no substantive changes related to this decision, this court applies and cites the current rules.

¶4            In 2018, Torres obtained partial relief based on the Restitution Award not being authorized by law. *State v. Torres*, 2 CA-CR 2018-0061 PR, 2018 WL 2435390 at *2 ¶ 6 (App. May 30, 2018) (mem. dec.). Relief was warranted pursuant to *State v. Linares*, 241 Ariz. 416 (App. 2017), which held that restitution to reimburse a county for the costs of a sex offense victim's forensic medical examination was improper. The matter was then remanded for consideration of Torres' IAC claim. *Id*. ¶ 8.

¶5            On remand, Torres filed an amended PCR petition, arguing his plea counsel's failure to challenge the propriety of the Restitution Award was, as a matter of law, objectively unreasonable under prevailing professional norms. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The court found Torres's plea counsel provided constitutionally deficient assistance and granted relief as to the Restitution Award. The State unsuccessfully sought a rehearing before timely petitioning for review.

¶6            According to the State's petition for review, the superior court abused its discretion by granting Torres relief on his IAC claim. The State contends plea counsel's failure to challenge the Restitution Award could not be deemed constitutionally deficient because the restitution hearing occurred before *Linares* was published.

¶7            The State is correct, as a general matter, that "[f]ailure to predict future changes in the law is not ineffective assistance because clairvoyance is not a required attribute of effective representation." *State v. Febles*, 210 Ariz. 589, 597 ¶ 24 (App. 2005) (internal quotation marks and citation omitted). However, this court will affirm a superior court's ruling "on any basis supported by the record." *State v. Wassenaar*, 215 Ariz. 565, 577 ¶ 50 (App. 2007).

¶8            Along with the Restitution Award, the superior court also imposed the statutorily required $500 DCAC Assessment. *See* A.R.S. § 12-116.07 (requiring courts to impose a non-waivable $500 assessment on defendants who are convicted of DCAC offenses and to "transmit the monies collected pursuant to this section to the county treasurer for the purpose of defraying the cost of investigations pursuant to § 13-1414"). Because the DCAC Assessment was mandated by statute to cover the same investigative costs as those contemplated by the Restitution Award, this court gave the parties an opportunity to file supplemental briefs addressing whether Torres' plea counsel provided ineffective assistance for failing to challenge the Restitution Award on that basis.

**¶9** In its supplemental brief, the State concedes Torres' plea counsel provided ineffective assistance in this respect. This court accepts the State's concession of error. The State also argues, however, that Torres' relief is limited to a $500 reduction in the amount of the Restitution Award. That argument fails because, in resolving Torres' prior petition for appellate review in 2018, the Restitution Award was found to be improper as a matter of law. *See generally State v. Torres*, 2 CA-CR 2018-0061 PR, 2018 WL 2434390 at *2 ¶ 6 (App. May 30, 2018) (mem. dec.).

**¶10** According to the parties, Torres has paid $1,204.28 in restitution. It is not clear, however, whether that amount, or a portion of that amount, was paid as reimbursement to YCAO for the costs associated with the victim's forensic medical examination. Accordingly, this matter is remanded to the superior court to address that issue and, ultimately, to determine whether Torres has satisfied his obligation under the DCAC Assessment. Any amount Torres has paid for the benefit of the YCAO more than the $500 authorized by § 12-116.07 for reimbursement of costs associated with the victim's forensic medical examination shall be refunded to him.

**¶11** The court grants review, but because the State properly concedes Torres' counsel provided ineffective assistance, denies relief. This matter is remanded for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

4